Johnson, Appellant, *v.* Mulhall.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Samuel Merovitz,* and *Ghen and Merovitz,* for appellant.

*Marjorie A. Weiss,* and *Weiss and Pettit,* for appellee.

OPINION BY WATKINS, P. J., September 23, 1974:

This is an appeal from the order of the Court of Common Pleas, Trial Division, Law, of Philadelphia County denying a motion by the appellant to open a judgment of non pros.

The appellant, Nora Johnson, commenced an action in trespass by filing a complaint on April 2, 1970. The complaint was reinstated twice and finally served on

the appellee, Christine Mulhall, through the Secretary of the Commonwealth, on November 18, 1970. The appellee's counsel entered his appearance on December 3, 1970 and filed and served interrogatories upon the appellant. No answers to the interrogatories were forthcoming and the appellee moved for sanctions against the appellant on September 25, 1972. On November 28, 1972, the court below ordered the appellant to answer interrogatories within forty-five (45) days or suffer a judgment of non pros. The appellant failed to comply with this order within the time specified and the court below, within the discretionary powers granted by Pennsylvania Rule of Civil Procedure 4019, directed the Prothonotary to enter the judgment of non pros., now the subject of this appeal.

The petition for opening judgment is, of course, an appeal to the equitable powers of the court, but a judgment will not be disturbed on appeal unless a mistake of law or a clear abuse of discretion is shown. *Criscuolo v. Moore Farms, Inc.*, 222 Pa. Superior Ct. 323, 294 A. 2d 895 (1972). The opening of a judgment will not be exercised unless three factors co-exist: (1) the petition must be promptly filed; (2) the failure to go forward with the action, in this case, the failure to file answers to interrogatories, i.e., the default, is satisfactorily excused or explained; (3) the facts constituting grounds for a cause of action be alleged. *Goldstein v. Graduate Hospital of The Univ. of Pa.*, 441 Pa. 179, 272 A. 2d 472 (1971).

Clearly, in this case, the petition to open was filed promptly. However, the second requirement has not been met. His excuse for failure to answer interrogatories ordered by the court amounted to simple neglect or forgetfulness. In *Spilove v. Cross Transportation, Inc.*, 223 Pa. Superior Ct. 143, 297 A. 2d 155 (1972); and *Seltzer v. Ashton Hall Nursing and Convalescent Home*, 221 Pa. Superior Ct. 127, 289 A. 2d 207 (1972),

this Court discussed the question of opening judgments by default resulting from failure to answer interrogatories. In *Seltzer,* supra, we held that the allegation of overwork and other duties were insufficient to warrant exercise of the court's discretionary power to open a judgment. In *Spilove,* supra, we held that defendant's self-servicing allegations of clerical difficulties were not sufficient. "A request to open a judgment of non pros. is by way of grace and not of right. Its grant or refusal is peculiarly a matter for the lower court's ruling unless an abuse of discretion is clearly evident. (Citing cases)." *Mazer v. Sargent Electric Co.,* 407 Pa. 169, 171, 180 A. 2d 63, 64 (1962). *Goldstein v. Graduate Hospital of The Univ. of Pa.,* supra. Under the circumstances of this case, the court below did not abuse its discretion in refusing to open the judgment.

Order affirmed.