361 A.2d 331

**Julia M. DUPREE, Administratrix of the Estate of James Dupree, Deceased, and Julia M. Dupree, in her own right**

**v.**

**J. LEE, M.D., et al.**

**Appeal of James J. BOYLE, M.D. and R. D. Derham, M.D. a/k/a Dearhorn, M.D.**

Superior Court of Pennsylvania.

June 28, 1976.

260

Charles B. Burr, II, Philadelphia, for appellants.

Barton A. Haines, S. Josel, Philadelphia, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from an order vacating a judgment of non pros. The facts are as follows. On December 26, 1973 James Dupree was admitted to St. Joseph's Hospital where he subsequently died on January 11, 1974. On January 10, 1975, a summons in trespass was filed against the defendant doctors who treated Mr. Dupree during his stay at St. Joseph's Hospital. On March 11, 1975 defendant's counsel issued a rule upon plaintiff to file her complaint within twenty days, by March 31, 1975. Rather than file the complaint, plaintiff requested a 20-day extension, until April 21, 1975, within which to file the complaint. This extension was granted by defendants.

By letter dated April 18, 1975 plaintiffs requested a second twenty day extension, until May 8, 1975, within which to file the complaint. This extension was also granted by the defendants. By May 9, 1975 plaintiff had neither filed a complaint nor requested a third extension. Accordingly defendant, by letter dated May 9, 1975, unilaterally granted a third extension, until 5:00 P.M., May 16, 1975, within which time plaintiff could file her complaint. Defendant's May 9, 1975 letter also contained a warning that if plaintiff's complaint was not filed by May 16, 1975, defendant would have no alternative but to enter a judgment of non pros. Subsequently on May 19, 1975, no complaint having been filed, upon praecipe defendant received a judgment of non pros. On June 23, 1975 plaintiff filed a motion to vacate the judgment of non pros, and on that same day defendants filed a reply. A hearing was held on July 17, 1975 after which the hearing judge vacated the judgment of non pros and granted plaintiff an additional 20 days within which to file their complaint. Defendants have appealed to this court arguing that the vacating of the judgment of non pros was an abuse of discretion.

In the case of *Thorn v. Clearfield Borough*, 420 Pa. 584, 586, 218 A.2d 298, 299 (1966) our Supreme Court held that in order to vacate a judgment of non pros three criteria must be met: "(1) the petition should be timely filed; (2) the reason for the default reasonably explained or excused, and (3) that facts constituting grounds for a cause of action be alleged." Accord *Goldstein v. Graduate Hosp. of the U. of Pa.*, 441 Pa. 179, 272 A.2d 472 (1971); *White v. Alston*, 231 Pa.Super. 438, 331 A.2d 765 (1974); *Boyles v. Sullivan*, 230 Pa.Super. 453, 326 A.2d 440 (1974); *Matyas v. A. Einstein Med. Center*, 225 Pa. Super. 230, 310 A.2d 301 (1973). In the instant case we need only look to the second criteria, whether the reason for the default was reasonably explained or excused.

The only reason offered by plaintiff for not filing the complaint by 5:00 P.M. on May 16, 1975 rests on facts set forth in an affidavit of Kathryn M. Williams, secretary for plaintiff's counsel. The text of that affidavit is as follows:

"Kathryn M. Williams, being duly sworn according to law, depose and say that I am the secretary to Barton A. Haines, Esquire [plaintiff's counsel], and that on Friday, May 16, 1975, I telephoned the secretary to Charles B. Burr, II, Esquire [defendant's counsel], to request an extension of time over the weekend so that the Complaint in the above matter could be filed on Monday. She said she would relay the message.

"On Monday, May 19, 1975, I telephoned her to inform her that the Complaint would be filed either that afternoon or on the morning of May 20, 1975. She said that if there was any problem, she would get back to us.

"On Tuesday morning, May 20, I received in the morning mail, the Judgment of Non Pros taken on May 19, 1975, and immediately brought it to Mr. Haines' attention."

This account of the facts, however, is disputed by an affidavit of Deborah L. Economides, secretary for defendant's counsel. The text of that affidavit is as follows:

"DEBORAH L. ECONOMIDES, being duly sworn according to law deposes and says that I am secretary to Charles B. Burr, II, and that on Friday, May 16, 1975, I received no telephone calls or any other communications from plaintiffs' counsel or representatives of his office requesting an extension of time to file a Complaint in the above matter on the following Monday.

"The only communication I received from plaintiffs' office was on Monday, May 19, 1975 at approximately 11:00 a.m. when an individual representing herself to

be plaintiffs' counsel secretary informed me that the Complaint would be filed either that afternoon or on the morning of May 20, 1975. This message was relayed to Mr. Burr who in my presence immediately called plaintiffs' counsel and advised him that Default Judgment had already been entered.

"At no time did I ever state to plaintiffs' counsel or to any person representing herself to be plaintiffs' counsel's secretary that an extension of time had been or would be granted.

"I specifically deny any statement attributed to me that if there was any problem concerning an extension of time I would get back to plaintiffs' counsel. In view of the fact that I received no telephone communication on Friday, May 16, 1975, there would have been no occasion for me to have made such a statement to either plaintiffs' counsel or any person representing herself to be plaintiffs' counsel's secretary."

From the reading of the above affidavits it is obvious that there exists a factual dispute. However, the lower court did not resolve this dispute because it concluded, as do we, that accepting plaintiff's version of the facts as true, plaintiff nevertheless did not reasonably explain his failure to file a complaint by 5:00 P.M. on May 16, 1975. Accepting plaintiff's facts as true, the record shows that instead of filing a complaint on or before the time and date specified, the secretary for plaintiff's counsel called the secretary for defendant's counsel and requested an extension of time. The latter did not agree, but merely said that she would relay the message. Solely on the basis of this plaintiff contends that he reasonably explained or excused his failure to file the complaint on May 16, 1975. This position is untenable. As was stated by the lower court, "Such procedures, if condoned, would make shambles of court rules which are designed to guarantee the orderliness of progress in litiga-

tion." Accordingly, we agree with the lower court that the reason for plaintiff's failure to file the complaint was not reasonably explained or excused.

The next question with which we are faced is whether, in spite of the above finding, the lower court properly vacated the judgment of non pros. The lower court stated, "Notwithstanding the impropriety of plaintiff's counsel's actions we believe that case precedents make it clear that his defalcations should not put the plaintiff out of court and defeat what may indeed be a valuable right of action." In effect the lower court decided that even though the criteria needed to vacate a judgment of non pros [1] were not met, it should nevertheless vacate the non pros due to counsel's negligence. With this holding we disagree. As we recently stated in *Smith v. Tonon*, 231 Pa.Super. 539, 543, 331 A.2d 662, 665 (1974), "Where a default judgment, properly entered against a party as a result of his attorney's unexcused delay, is opened by order of a lower court, this court must reverse that order. *King v. Fayette Aviation*, 226 Pa. Super. 588, 323 A.2d 286 (1974)."

In so holding we are not unmindful of the line of cases which allow for the vacating of a non pros or the opening of a default judgment where the reason for the non pros or default judgment is merely mistake, oversight or neglect of counsel. See *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970); *Stephens v. Bartholomew*, 422 Pa. 311, 220 A.2d 617 (1966); *Manson v. First National Bank*, 366 Pa. 211, 77 A.2d 399 (1951); *Johnson v. Yellow Cab Co. of Phil.*, 226 Pa.Super. 270, 307 A.2d 423 (1973); *Poluka v. Cole*, 222 Pa.Super. 500, 295 A.2d 132 (1972); *Cinnaminson Park Co. v. Laws*, 63 Pa.Super. 189 (1916). These cases, however, do not support a blanket rule that all judgments of non pros can be vacated simply by an

1. *Thorn v. Clearfield Borough*, supra.

admission of counsel that he was negligent. Such a rule would allow the purpose behind a non pros to be easily circumvented. If counsel's mistake, oversight, or neglect is to be a reason to vacate a non pros, that mistake, oversight or neglect must be *reasonably* explained. *White v. Alston*, 231 Pa.Super. 438, 331 A.2d 765 (1974). As was stated in *Hale v. Uhl*, 293 Pa. 454, 458, 143 A. 115, 116 (1928), "If for such unsubstantial reasons a salutory rule of court could be set at naught, it would be useless, and a defendant would be unable to protect himself from intolerable delays." If counsel's explanation or excuse for his mistake, oversight, or neglect, is *reasonable*, then the second criteria for opening a non pros will be met and the non pros may be vacated. However, if counsel merely states that he was negligent without offering a reasonable explanation or excuse, we are left with no alternative but to refuse to vacate the non pros. The argument that refusing to vacate a judgment of non pros punishes the plaintiff for his counsel's negligence is not supported by decisional law when counsel's negligence is not reasonably explained. There must be some point at which our courts must refuse to accept an attorney's negligent representation of his client when it interferes with the orderly administration of justice.

In the instant case, defendant's counsel generously granted plaintiff three extensions, and by letter warned that if the May 16, 1975 deadline were not met a non pros would be entered. Plaintiff cannot now in light of these extensions and warning claim that the failure to file the complaint was a clerical mistake or a mere oversight. This warning to plaintiff of defendant's intention to enter a nonsuit if a complaint was not filed by a date certain is the type of notice which we contemplated and recommended in *Silverman v. Polis*, 230 Pa.Super. 366, 370–71, 326 A.2d 452, 454 (1974) wherein we stated:

"One very frequent element in the sets of circumstances of cases where a default judgment [or non pros] has

been upheld is notice to opposing counsel of the intent to enter a default judgment. Conversely, the lack of such notice is frequently singled out as an important factor justifying the opening of a default judgment . . .. [A]ttempts to utilize every niggling procedural point for maximum advantage demean the legal profession, reducing its procedures to a vulgar scramble. No doubt it is for this reason that in so many cases, notice of intent to take a default judgment, or the lack thereof, is properly made a significant factor in reaching a just decision." [Citations deleted.]

Because the reason for plaintiff's failure to file its complaint by May 16, 1975 was not reasonably explained, we have no alternative but to hold that the lower court abused its discretion in vacating the judgment of non pros.

Accordingly the order is reversed and the judgment of non pros is reinstated.