378 A.2d 986

INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION, Appellee,

v.

PHILADELPHIA ELECTRIC COMPANY, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 8, 1976.

Decided Oct. 6, 1977.

Wayne M. Thomas, Philadelphia, with him Harold E. Kohn, Philadelphia, for appellant.

William F. Sweeney, Philadelphia, with him Harvey, Pennington, Herting & Renneisen, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

This is an appeal from an order which vacated a prior order dismissing the above captioned action, with prejudice, because no proceedings had been docketed in the Prothonotary's Office for a period of two successive years.

This litigation was initiated by International Telephone and Telegraph Corporation, appellee, on November 12, 1970, by a complaint in civil trespass seeking to recover damages allegedly resulting from the interruption of its electrical service during a multi-state blackout which occurred on June 5, 1967. Philadelphia Electric Company, appellant, filed an answer to the complaint on May 19, 1971. Prior to that date both parties had filed interrogatories addressed to the other. On August 16, 1971, the lower court sustained objections to a portion of the interrogatories addressed to the plaintiff.

No further proceedings of any sort were docketed in the Prothonotary's Office between August 6, 1971, and May 22, 1974, when the action was dismissed by the Prothonotary, with prejudice, for failure to prosecute. Prior to taking such action the Prothonotary had caused notice to be published on four occasions in "The Legal Intelligencer" commencing with the issue of March 7, 1974. In those notices the appellee was advised that it might file a Certificate of Readiness or "other appropriate paper" prior to May 22, 1974, the proposed dismissal date. Appellee took no steps to prevent dismissal of the complaint on that date and, in consequence, an order of dismissal was entered.

This action was taken pursuant to local Rule 1047A of the Rules of Civil Procedure which provides:

"Whenever in any civil action a Certificate of Readiness has not been filed and no proceedings have been docketed

in the Prothonotary's Office for a period of two successive years, the action shall be dismissed, with prejudice, for failure to prosecute, under the provisions of this rule, and the docket so marked, provided that no less than sixty days' notice be given either by regular mail or by publication once in *The Legal Intelligencer.* Dismissal under this rule is subject to the right of any party to reinstate the action by written application for good cause shown after such dismissal."

Subsequently this Rule has been incorporated into Rule 350 of the Rules of Civil Procedure of the Court of Common Pleas of Philadelphia County. The first sentence of Rule 1047A has been repeated verbatim in Rule 350, but the second sentence has been qualified by the requirement that the application to reinstate a cause of action must be made within three months of the date of dismissal.

These local rules of court are mandated by Rule 1901 of the Supreme Court Rules of Judicial Administration which directs that "Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter." The rule further directs each Court of Common Pleas to assume primary responsibility for the implementation of the policy and to make local rules of court to that end.

On June 11, 1976, more than two years after the dismissal of the cause of action for failure to prosecute, appellee filed a petition to reinstate its complaint. It averred: (1) that it had not known of the dismissal of the action by the Prothonotary until it had attempted to file answers to interrogatories in the latter part of May 1976; (2) that its counsel were also involved in a companion case against appellant on behalf of Amerada Hess Corporation and had mentally consolidated the cases for purposes of preparation with the consequence that " . . . the fact that no docket entries had been made in this caption within two years had escaped the attention of plaintiff who had relied on the fact that docket entries were current in the companion case"; and, (3) finally, that the delay in prosecuting both actions "was

occasioned by the difficulty in attempting to review the documentary substantiation for this plaintiff's alleged damages".

On the basis of these averments and over the objection of appellant, the lower court, by order dated June 21, 1976, vacated the earlier dismissal "without prejudice for defendant to file a Motion to Dismiss in the Motion Court within thirty (30) days from the date hereof". In a supporting memorandum dated August 30, 1976, the court justified its position with the statement that Philadelphia Rule 350 was "a purely internal administrative tool of the Philadelphia Court of Common Pleas . . . designed to remove stale cases from the docket, and authorizes the court to reinstate actions previously dismissed on application therefor". No mention was made of the fact that Rule 350 requires the application to be made within three months of the date of dismissal.

Reinstatement of a cause of action is authorized under Philadelphia Rule 1047A and its replacement rule 350(3) "for good cause shown". Repeated decisions of this Court and the Supreme Court of Pennsylvania have established that "good cause shown" requires satisfactory proof of three positions, stated in *Boyles v. Sullivan*, 230 Pa.Super. 453, 455, 326 A.2d 440, 442 (1974) to be as follows:

> "The criteria for opening a judgment of non pros are: (1) the petition must be timely filed; (2) the reason for the default reasonably explained or excused; and, (3) the facts constituting grounds for the cause of action be alleged."

To the same effect: *Goldstein v. Graduate Hospital of University of Pennsylvania*, 441 Pa. 179, 272 A.2d 472 (1971); *Thorn v. Clearfield Borough*, 420 Pa. 584, 586, 218 A.2d 298 (1966); *Dupree v. Lee*, 241 Pa.Super. 259, 262, 361 A.2d 331 (1976); *Johnson v. Mulhall*, 230 Pa.Super. 183, 185, 326 A.2d 439 (1974); *Matyas v. Albert Einstein Medical Center*, 225 Pa.Super. 230, 233, 310 A.2d 301 (1973).

Appellee offers no satisfactory explanation for its two year delay in moving to reinstate the complaint. The

action was dismissed on May 22, 1974, and the petition to reinstate the action was not filed until June 11, 1976. Both the local rules of court and the four notices in "The Legal Intelligencer" should have put appellee and its counsel on notice. The only explanation offered for the delay is that they had not known of the dismissal until they attempted to file interrogatory answers in May, 1976. The oversight or negligence of appellee or its counsel is not an acceptable excuse unless reasonably explained. No explanation is offered in this case. As this Court said in *Dupree, supra,* 241 Pa.Super. at page 266, 361 A.2d at page 335:

" . . . if counsel merely states that he was negligent without offering a reasonable explanation or excuse, we are left with no alternative but to refuse to vacate the non pros. The argument that refusing to vacate a judgment of non pros punishes the plaintiff for his counsel's negligence is not supported by decisional law when counsel's negligence is not reasonably explained. There must be some point at which our courts must refuse to accept an attorney's negligent representation of his client when it interferes with the orderly administration of justice."

We conclude that appellee's petition to reinstate its action was not timely filed and that no adequate explanation of the two year delay has been given.

We likewise conclude that appellee has not reasonably explained or excused its failure to proceed with the case between August 6, 1971, when it was directed to answer interrogatories and May 22, 1974, when the action was dismissed, with prejudice, for failure to prosecute. Two explanations are offered by appellee. Its counsel state that they mentally consolidated this case with a similar action by Amerada Hess against appellant and, as a consequence, had not been attentive to the lack of action in this case. No effort was ever made to consolidate the cases and consequently the plea of confusion or oversight on the part of counsel is not adequate. It is equally difficult to accept the explanation that the inaction was explained by the difficulty in attempting to review the documentary substantiation for

appellee's alleged damages. This is much too general to be acceptable. When the case was stricken from the docket, the power blackout which occasioned the alleged damages was already seven years old. The interrogatories which appellee was directed to answer on August 16, 1971, were filed on July 7, 1976. No answer is longer than one sentence. They hardly support an excuse for nearly five years spent in their preparation. In any event, if there was to be a delay in answering interrogatories extending over several years a stipulation between counsel or an application to the court for an extension of time would certainly have been the appropriate procedure. We conclude that appellee's delay of nearly three years in taking any step to bring the case to trial after the court's ruling on interrogatories has not been reasonably explained or excused.

In lifting the earlier non pros and reinstating the complaint, the trial court ignored the three tests for reinstatement consistently insisted upon by our appellate courts. It proceeded on the assumption that reinstatement should be granted simply upon application. Such a standard would deprive the courts of the protection from stale claims that the Supreme Court of Pennsylvania intended them to have under Rule 1901 of the Rules of Judicial Administration and the local rules of court which that Rule mandated.

In lifting the non pros and reinstating the complaint, the trial court authorized appellant to file a Motion to Dismiss within thirty days. Such a motion would have the effect of shifting the burden of proof to the appellant and requiring it to establish that it had been damaged by the delay. This is not the issue raised by the rules of court which have for their purpose the protection of our courts from being burdened by stale claims. It is for that reason that action to dismiss a stale claim is taken on the initiative of the Prothonotary rather than on motion of one of the parties.

The order of court vacating the dismissal of the complaint is reversed and the non pros entered by the Prothonotary reinstated.

PRICE, J., concurs in the result.