443 A.2d 1170

**Delores WHITE and Charles White, her husband**

**v.**

**Marius CIRELLI, M.D., Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed April 2, 1982.

Alfonso Tumini, Philadelphia, for appellant.

Anthony P. Barratta, Philadelphia, for appellees.

Before CERCONE, President Judge, and HESTER and WIEAND, JJ.

WIEAND, Judge:

After a summons in trespass had been dismissed for failure to prosecute the action for more than three years, the plaintiff petitioned for and was able to obtain an order reinstating the same. This appeal followed. We reverse.

The procedural history may be summarized briefly as follows. On July 23, 1974, plaintiff-appellees filed a praecipe for writ of summons in trespass, and the summons was duly issued. It was re-issued on August 15, 1975. No further action was taken until January 2, 1979, when the suit was dismissed with prejudice pursuant to Star Rule 350 (now designated Rule 130) of the Rules of Civil Procedure of Philadelphia County.[1] Two and one-half months later, on

1. Rule 130 is as follows:

March 20, 1979, appellees filed a "Petition for Reinstatement of Case." Defendant-appellant filed no answer, and appellees' petition was granted. An order reinstating the case was entered April 3, 1979. This appeal followed on May 2, 1979. The record discloses a classic case of delay and laxity by both sides.

■ Philadelphia Rule 130 allows a party to reinstate a dismissed action upon "written application for good cause shown." This court has previously applied to such applications the standards for opening a judgment of non pros. Thus, "good cause" has been established when: (1) the petition is timely filed, (2) the reason for the default is reasonably explained or excused, and (3) the facts constituting grounds for the cause of action have been alleged. See: *International Telephone and Telegraph Corporation v. Philadelphia Electric Company*, 250 Pa.Superior Ct. 378, 382, 378 A.2d 986, 988 (1977). See also: *Stringer v. Kaytes*, 286 Pa.Superior Ct. 551, 429 A.2d 660 (1981); *Faulks v. Papo Bar, Inc.*, 280 Pa.Superior Ct. 454, 421 A.2d 810 (1980); *Corcoran v. Fiorentino*, 277 Pa.Superior Ct. 256, 419 A.2d 759 (1980).

It may be conceded in the instant case that appellees' petition was timely filed. The Philadelphia rule requires

(1) Whenever in any civil action a Certificate of Readiness has not been filed and no proceedings have been docketed in the Prothonotary's Office for a period of two (2) successive years, the action shall be dismissed with prejudice, for failure to prosecute under the provisions of this rule, and the docket so marked, provided that no less than sixty (60) days' notice be given by publication once in The Legal Intelligencer.

(2) Whenever in any civil action a Praecipe or an Order for trial or a Certificate of Readiness has been filed, but thereafter no further action or any disposition has been noted on the docket in the Prothonotary's Office for a period of three (3) successive years, the action shall be dismissed, with prejudice, for failure to prosecute under the provisions of this rule, and the docket so marked; provided that no less than six (6) months advance notice thereof be given by publication once in The Legal Intelligencer.

(3) Dismissal under (1) or (2) is subject to the right of any party to reinstate the action by written application for good cause shown after such dismissal within three (3) months of the date of dismissal. The rule was authorized by Pa.Rule of Judicial Administration 1901(b).

that application be made within three months of the date of dismissal. Appellees' petition was filed two and one-half months after the January 2 dismissal.

■ The second and third requirements of the rule, however, have not been met. In their petition for reinstatement, plaintiff-appellees averred that default had been caused by an inadvertent and incorrect diary entry made by a secretary employed in the office of their attorney. This is an inadequate explanation for the lengthy period of inactivity in this case. "If counsel's mistake, oversight, or neglect is to be a reason to vacate a non pros, that mistake, oversight or neglect must be *reasonably* explained." *Corcoran v. Fiorentino*, id., 277 Pa.Superior Ct. at 261, 419 A.2d at 762. In *Corcoran*, we determined that a similar explanation, i.e., an improper processing of case by counsel's associates, was insufficient to justify an even shorter default of 30 months.

Furthermore, appellees' petition is silent as to the facts on which their supposed cause of action is based. Thus, even now, appellees have not apprised the trial court or appellant of the cause of action which they intend to assert.

We disagree with the lower court's conclusion that "[w]hile plaintiff's petition arguably does not meet two of the requirements of *International Telephone and Telegraph Corporation v. Philadelphia Electric Company* [supra] . . ., defendant waived these issues by failing to file an answer to plaintiff's petition for reinstatement." The burden to establish good cause is affirmatively upon the petitioner. This is specifically provided by Rule 130. Thus, while we cannot condone appellant's failure to file an answer, this failure does not eliminate the need for plaintiff-appellees to establish good cause to reinstate a summons where no action was taken for 3⅓ years.

The order reinstating the summons is vacated; the order dismissing the action is reinstated.