465 A.2d 11

**Christine STRINGER, a/k/a Christine Cuddy,**

**v.**

**Albert J. KAYTES, Stanford Keyne, Albert J. Kaytes and Company and Kaytes and Kelsey-Barber Corporation, Appellants.**

Superior Court of Pennsylvania.

Argued March 3, 1983.

Filed Aug. 19, 1983.

Richard S. March, Philadelphia, for appellants.

William L. Keller, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Where a party seeks to reinstate a complaint which has been dismissed for inactivity under Philadelphia Rule 130, is the failure to proceed excused either by difficulty experienced in marshalling evidence or by a change in counsel which took place more than a year before the action was dismissed? We conclude that neither reason is adequate and reverse the order reinstating a complaint after more than four years of inactivity.

This is not the first time this matter has been before the Superior Court. On May 8, 1981, a panel of this Court reversed an order of the trial court reinstating the complaint and remanded the matter for reconsideration in ac-

cordance with the decision in *International Telephone & Telegraph Corp. v. Philadelphia Electric Co.*, 250 Pa.Super. 378, 378 A.2d 986 (1977). On remand, Christine Stringer, the plaintiff-appellee, offered no evidence. Nevertheless, the trial court found that her failure to proceed was excusable and again reinstated the complaint. From this order the defendants, Albert J. Kaytes, Stanford Keyne, Albert J. Kaytes and Company and Kaytes and Kelsey-Barber Corporation, have taken the instant appeal.

The action was commenced by the issuance of a summons on February 2, 1973. This was followed by a complaint on March 9, 1973. On December 17, 1973, plaintiff-appellee was ordered to appear for depositions, and she did appear and was deposed on February 12, 1974. Thereafter, there was no activity whatsoever until the action was dismissed with prejudice on September 23, 1977, pursuant to Philadelphia Rule 130. On June 30, 1978, more than four years after the taking of plaintiff-appellee's depositions, she filed a petition to reinstate her action. This was denied on July 28, 1978. On August 25, 1978, plaintiff-appellee filed a petition for reconsideration. The petition was denied on November 22, 1978, but she was granted leave to file an amended petition. An amended petition was filed and then granted by the court on January 9, 1979. On appeal, the Superior Court held that the trial court had incorrectly determined that Philadelphia Rule 130 was invalid. Therefore, it reversed the order of reinstatement and remanded for reconsideration in accordance with principles set forth in *International Telephone & Telegraphic Corp. v. Philadelphia Electric Co., supra.* See: *Stringer v. Kaytes*, 286 Pa.Super. 551, 429 A.2d 660 (1981).

Philadelphia Rule 130 was adopted pursuant to Pa.Rule of Judicial Administration 1901 and provided in pertinent part as follows:

Rule 130. Disposition of Inactive Cases

(1) Whenever in any civil action a certificate of Readiness has not been filed and no proceedings have been docketed in the Prothonotary's Office for a period of two

(2) successive years, the action shall be dismissed with prejudice, for failure to prosecute under the provisions of this rule, and the docket so marked, provided that no less than sixty (60) days' notice be given by publication once in *The Legal Intelligencer.*

\*   \*   \*   \*   \*   \*

(4) Dismissal under (1) or (2) is subject to the right of any party to reinstate the action by written application for good cause shown after such dismissal within three (3) months of the date of dismissal.

In *International Telephone & Telegraph Corp. v. Philadelphia Electric Co., supra,* this Court held that "good cause shown" for reinstatement of an action dismissed under Philadelphia Rule 130 requires satisfactory proof of three elements as follows: (1) the petition must be timely filed; (2) the reason for the default must be reasonably explained or excused; (3) there must be facts constituting a cause of action. See: *White v. Cirelli,* 297 Pa.Super. 375, 377, 443 A.2d 1170, 1171 (1982); *Smith v. Southeastern Pennsylvania Transportation Authority,* 297 Pa.Super. 267, 269, 443 A.2d 829, 831 (1982); *Faulks v. Papo Bar, Inc.,* 280 Pa.Super. 454, 456, 421 A.2d 810, 811 (1980); *Corcoran v. Fiorentino,* 277 Pa.Super. 256, 260, 419 A.2d 759, 761 (1980).

In the instant case, appellee's petition to reinstate was filed nine months after the action had been dismissed. Under Philadelphia Rule 130(4), this was untimely. More importantly, the petition to reinstate came after more than four years of total inactivity had intervened. Moreover, the default which caused the action to be dismissed has not been explained. It is a wholly inadequate explanation that present counsel entered an appearance for appellee on or about June 16, 1976 and thereby replaced prior counsel. This was more than a year before the action was terminated because of inactivity. No other facts were properly before the court. Although the trial judge suggested that appellee had experienced difficulty in obtaining a diagnosis and prognosis of her back injury, there was no evidentiary

support for this conclusion. Appellee had alleged that she experienced difficulty in obtaining a diagnosis and prognosis of her injuries; appellants denied that difficulty had been experienced; and no evidence was submitted to allow the court to make a factual determination. Moreover and in any event, difficulty in obtaining a diagnosis and/or prognosis of injuries for which one has filed suit, even if true, will neither explain nor excuse total inactivity which results in dismissal of the action. Appellee had a duty, imposed by court rule, to move her action through the courts with reasonable dispatch. When, in default thereof, a judgment of non pros was entered, she will not be permitted to offer as an excuse her own failure to act expeditiously in obtaining and marshalling the evidence necessary for trial.

The order reinstating appellee's complaint is reversed; the order dismissing appellee's action for failure to proceed is reinstated.