## Hann v. Austin

*Vincent P. Ventomiller,* for plaintiff.
*Ralph Davies,* for defendant George L. Austin, M.D.

LOUGHRAN, *J.,* February 13, 1992—

## HISTORY

This action was instituted on May 4, 1983, arising out of surgery performed by defendant, George L. Austin, M.D., on May 5, 1981. In accordance with Local Rule WJ 1901, notice of impending termination of this matter was properly given to counsel for plaintiff by way of this case being listed on the Westmoreland County purge list of civil cases, published in the *Westmoreland Law Journal* on June 7, 1991. On or about September 12, 1991, this case was terminated for failure to prosecute pursuant to the provisions of Local Rule WJ 1901 and Pennsylvania Rule of Judicial Administration 1901. Plaintiff filed a petition to reinstate a terminated case on or about December 2, 1991.

On or about December 5, 1991, counsel for defendant, George L. Austin, M.D., filed an answer to the petition to reinstate terminated case, along with a memorandum

of law in opposition to reinstatement of terminated case. On or about December 10, 1991, plaintiff's memorandum of law concerning the reinstating of a terminated case was filed.

The petition for reinstatement was set down for a hearing on January 27, 1992, at 9 a.m. No testimony was received by the court on that date but oral argument was presented by each side at the aforesaid time and date.

## OPINION

The facts and the law surrounding termination of this matter are clear. Pennsylvania Rule of Judicial Administration 1901(c)(2) provides that parties must be given at least 30 days' written notice before any order may be entered terminating a matter on the ground of unreasonable inactivity. Under the rule, where the docket of the matter shows no evidence of activity during the previous two years, notice of such impending termination by publication is proper in the manner provided by rule of court. Any matter which is terminated following notice by publication can only be reinstated upon written application for good cause shown.

Local Rule WJ 1901 mandates that the Westmoreland County purge list of civil cases published in the *Westmoreland Law Journal* is the vehicle by which notice of termination is provided. A case may be removed from the purge list solely by filing a petition at least ten days prior to the first Friday in September which states "good cause for the unreasonable delay, and adequate reason for maintaining the case as an active case and a firm commitment for prompt disposition."

The Superior Court has adopted an "open judgment" standard for reactivation of complaints which are terminated for unreasonable activity; the petitioner must

show "good cause" why the case should be reactivated. *Martin v. Grandview Hosp.,* 373 Pa. Super. 369, 541 A.2d 361 (1988). In order to meet this "good cause" requirement, the petitioner must show: (1) the petition for reactivation is timely filed; (2) the inactivity is reasonably explained or legitimately excused; and (3) the facts constituting a meritorious cause of action are alleged. *International Telephone and Telegraph Corp. v. Philadelphia Electric Co.,* 250 Pa. Super. 378, 378 A.2d 986 (1977). Plaintiff alleges facts which constitute a meritorious cause of action, but cannot carry his burden as to the first or second prong of the "good cause" test.

Plaintiff has failed in both his petition to reinstate a terminated case, and his memorandum of law in support thereof, to demonstrate why plaintiff took no action by the first Friday in September (a full three months after notice of termination had been published on June 7, 1991) in order to remove this case from the purge list. Additionally, there is no mention of why plaintiff then waited an additional three months, until December 2, 1991, before filing plaintiff's petition to reinstate a terminated case. More importantly, plaintiff's petition to reinstate a terminated case came after nearly three years of total docket inactivity had intervened. In *Stringer v. Kaytes,* 318 Pa. Super. 393, 465 A.2d 11 (1983), the Superior Court held that this type of delay is inexcusable (even though in the *Stringer* case there had been a substitution of counsel for plaintiff, an excuse of which plaintiff cannot avail himself in this matter). In so holding, the *Stringer* court succinctly rejected the plaintiff's unexplained delay in filing a petition to reactivate and in failing to conduct record activity:

"(Plaintiff) had a duty, imposed by court rule to move her action through the courts with reasonable dispatch.

When, in default thereof, a judgment of non pros was entered, she will not be permitted to offer as an excuse her own failure to act expeditiously...." *Id.*

Because plaintiff in this case has failed to set forth any justifiable reason or excuse for the six-month delay from the date of notice by publication (or for that matter for the three-month delay from the date of termination), in filing his petition to reinstate a terminated case, plaintiff has failed to meet the first prong of the "good cause" standard for reinstatement, i.e., the timely filing of a petition for reactivation, and the court must deny reactivation of this case on that basis alone. Plaintiff is charged with moving his action through the court with "reasonable dispatch." Plaintiff's failure to file a timely petition to reinstate a terminated case or, for that matter, to conduct docket activity for nearly three years prior to filing his petition, is simply inexcusable.

Plaintiff has also failed to meet his burden of demonstrating that the inactivity leading to the termination of this matter is reasonably explained or legitimately excused. In fact, in his petition to reinstate and supporting memorandum of law, plaintiff sets forth absolutely no basis by which the inactivity leading to termination can be reasonably explained or legitimately excused. Rather, in his petition to reinstate a terminated case, plaintiff presents an incomplete summary of Pennsylvania Rule of Judicial Administration 1901 in an (incorrect) attempt to show that notice by publication is not sufficient prior to termination of cases for inactivity. In plaintiff's supporting memorandum of law, rather than setting forth any reasonable explanation or legitimate excuse for the inactivity leading to termination, plaintiff begs the court to find "equitable considerations" in the factual posture of the case (though no such facts are set forth in plaintiff's petition or sup-

porting memorandum of law) upon which the court may reactivate this matter.

This is not a situation where there has been a change of counsel during the course of litigation. Mr. Ventomiller has represented the plaintiff since the inception of this lawsuit. Nor is this a case where Mr. Ventomiller is from another jurisdiction, or is admitted pro hac vice, and is being unfairly held to the technicalities of a recondite and little-known local rule of court. Mr. Ventomiller practices in Allegheny County which publishes their legal notices in a law journal.

It is ironic that the court must take judicial notice that the method of notification adopted by Westmoreland County of using the law journal's publication of the proposed cases to be purged, is exactly the same kind of notification that is used in Allegheny County, for the scheduling of cases, which might result in non pros for those attorneys who fail to appear for trial.

He is admitted to the bar of Pennsylvania. As such, he is charged with knowledge of the Pennsylvania Rule of Judicial Administration 1901(c)(2) and the corresponding local rules (such as Local Rule WJ 1901) in the counties where he chooses to file and prosecute lawsuits. See *IT&T Corp. v. Phila. Electric Co.*, 250 Pa. Super. 378, 378 A.2d 986 (1977). Nor is prejudice to plaintiff's cause of action from the negligence of his counsel a sufficient reason, alone, to reactivate a terminated lawsuit. As stated by the Superior Court in *Dupree v. Lee*, 241 Pa. Super. 259, 361 A.2d 331 (1976):

"The argument that refusing to vacate a judgment of non pros punishes the plaintiff for his counsel's negligence is not supported by decisional law when counsel's negligence is not reasonably explained. There must be some point at which our courts must

refuse to accept an attorney's negligent representation of his client when it interferes with the orderly administration of justice."

This matter was set forth as Case No. 7 on the Westmoreland County purge list of civil cases which was published in the *Westmoreland Law Journal* on June 7, 1991. This was proper notice pursuant to Pennsylvania Rule of Judicial Administration 1901(c)(2), as no docket activity had taken place in this case since a December 30, 1988, notice of deposition was filed, nearly two and a half years before. Counsel for plaintiff attempts to dance around this issue in plaintiff's memorandum of law concerning the reinstating of a terminated case by asking the court to take judicial notice of the fact that "there was activity on the part of the plaintiff during the two-year period of time beginning on January 1, of 1989, and ending on January 1, of 1991." (Plaintiff's memorandum, p.2). This argument fails for two reasons. First, Pennsylvania Rule of Judicial Administration 1901(c)(2) provides that the activity must have been "docket" activity. Plaintiff's counsel tries to sidestep the clear docket activity requirement of the rule by stating that the deposition noticed on December 30, 1988, actually was taken by the plaintiff on March 2, 1989. This position is legal sophistry: Docket activity means docket activity. Second, even if the foregoing deposition is accepted somehow as "docket activity," it matters not whether it actually took place on March 2, 1989, because the rules focuses on inactivity leading to the *date of termination. Martin v. Grandview Hosp.,* 373 Pa. Super. 369, 541 A.2d 361, n.7 (1988). (emphasis in original) Since this case was terminated on September 12, 1991, and since even plaintiff's counsel's tortured semantics can create no activity of any sort in this matter subsequent

to the deposition which took place on March 2, 1989, (more than two and a half years prior to the date of termination) it is apparent that notice by publication was proper in this case, (See "note" at Rule 1901) and termination was warranted.

Finally, in both his petition to reinstate a terminated case and the memorandum of law in support thereof, plaintiff makes the point that there will be no prejudice to the defendants by the reinstatement of this matter, and that this matter should therefore be reinstated. Plaintiff is incorrect twice in this assertion; a lack of prejudice to Dr. Austin does not serve as a basis for reinstating this case; even if it did, there can be little doubt that Dr. Austin is in fact prejudiced by plaintiff's delay.

As set forth earlier, *IT&T Corp. v. Phila. Electric Co., supra.* and *Martin v. Grandview Hosp., supra.* mandate three separate and distinct elements constituting "good cause" which must be present before a case will be reactivated; prejudice to the defendants, or a lack thereof, is not one of them. Simply put, because two of the three elements of "good cause" are absent in this case, i.e., a timely filed petition to reactivate and a reasonable explanation or legitimate excuse for plaintiff's inactivity, the law will not tolerate reactivation of this case, lack of prejudice to the defendants notwithstanding. New Pennsylvania Rule of Civil Procedure 3051, which became effective January 1, 1991, and which codifies the traditional common law requirements for the opening of a non pros judgment, states as follows:

"(b) [I]f the relief sought includes the opening of the judgment, the petition shall allege facts showing that:

"(1) the petition is timely filed;

"(2) there is reasonable explanation or legitimate excuse for the inactivity or delay; and

"(3) there is a meritorious cause of action."

While it is customary for those who have run afoul of procedural rules to come into court and argue that their oversight visits no prejudice on opposing parties, it is clear from the case law in Pennsylvania and the new Pa.R.C.P. 3051 that prejudice, or a lack thereof, is not an issue in determining whether a case should be reactivated.

If the court was to take into account prejudice in considering whether to reactivate this case, it is important to keep in mind that Dr. Austin would indeed be prejudiced by reactivation. The surgery giving rise to plaintiff's claims in this case occurred on May 5, 1981, more than ten and a half years ago. In *Kirsch v. New Castle Parking Authority,* 108 Pa. Commw. 259, 529 A.2d 604 (1987), the Commonwealth Court, in the context of a joinder of proposed additional defendants nearly four years after the incident giving rise to the litigation, held that "the prejudice to the proposed additional defendants from that lapse of time is obvious. Records and witnesses may be missing or otherwise unavailable." *Id.* Delay in a lawsuit necessarily causes prejudice. *Francisco v. Ford Motor Co.,* 406 Pa. Super. 144, 593 A.2d 1277 (1991). A determination of prejudice is not limited to the death or absence of a material witness. See *Moore v. George Heebner Inc.,* 321 Pa. Super. 226, 467 A.2d 1336 (1983); *Metz Contracting v. Riverwood Builders Inc.,* 360 Pa. Super. 445, 520 A.2d 891, 894 (1987). Rather, if any substantial diminution of a party's ability to properly present its case at trial results, then prejudice can be said to have attached. *Id.* As set forth above, the surgery giving rise to this lawsuit occurred more than a decade ago.

The memories of those involved in that procedure cannot be as fresh today as they were years ago. The recollection of the events giving rise to this lawsuit may have dimmed or disappeared completely by the date of trial, and retrieval of relevant documents years after the fact will undoubtedly prove difficult, if not impossible. The albatross of this litigation has hung around defendant's neck since May 1983. Having had that onerous eight-year burden removed by this court's order in September 1991, it would be manifestly unjust and prejudicial to defendant to reinstate this case and again subject him to the anguish, public scrutiny and loss of time and resources inherent in renewing this defense. After eight long years, Dr. Austin is entitled to rely on this court's order of dismissal. If he cannot, justice will not only have been delayed, it will certainly have been denied.

## ORDER OF COURT

And now, to wit, February 13, 1992, after review of the above entitled matter, it is hereby ordered, adjudged and decreed that the plaintiff's petition to reinstate this case is denied and it remains dismissed with prejudice for failure to prosecute.