## Ferraro v. Utility Constructors Inc.

*R. Charles Thomas,* for plaintiff.
*Louis J. Stack,* for defendants.

MILLER, *P.J.,* January 21, 1993—

### STATEMENT OF FACTS

On June 23, 1984, the plaintiff, Phyllis Ferraro, became involved in an altercation at the On the Green Restaurant which is located at the Riverside Golf Course. Defendant Anthony Ferraro, who is the plaintiff's husband and was the restaurant's manager, physically removed the plaintiff from the restaurant. Plaintiff allegedly suffered various physical injuries as a result of Anthony Ferraro's negligent or intentional actions. Plaintiff has had a series of operations along with other medical treatments due to her injuries.

The procedural history of this case began on June 17, 1986, when the plaintiff commenced her action by a praecipe for writ of summons. The summons was served in July of 1986 on all of the defendants except for Leslie Ferraro. On September 17, 1986, the plaintiff filed her complaint in which she alleged that Anthony Ferraro intentionally or negligently injured her and that the other defendants are liable for his actions because they were his employers.

On October 2, 1986, all of the defendants except for Anthony Ferraro filed preliminary objections in which they allege that because plaintiff and Anthony Ferraro had filed for Chapter 7 bankruptcy the bankruptcy trustee must be the named plaintiff in the suit. On October 23, 1986, the plaintiff filed an answer to the preliminary objections and new matter. She alleged that she is the proper party to bring the suit and that the defendants do not have standing to raise the defense of lack of capacity to sue because none of them are a creditor of the bankruptcy estate. On October 24, 1986, all of the defendants except for Anthony Ferraro filed a reply to plaintiff's new matter in which they averred that under Pa.R.C.P. 1017(b)(5) the defendants are permitted to file a petition that raises the defenses of lack of capacity to sue and the nonjoinder of a necessary party.

After the defendants had filed their reply to new matter, no further action was taken by either party until July 24, 1992, when plaintiff filed a praecipe to place the defendants' preliminary objections on the argument list. On August 25, 1992, all of the defendants except for Anthony Ferraro filed a petition for judgment of non pros. The basis for the petition is (1) lack of docket activity; (2) the death of defendant Lynn Summers; and (3) the dissolution of Utility Constructors. Lynn C. Summers, one of the defendants, had died on September 20,

1987. The executor of his estate is John R. Yaissle and he filed a praecipe for substitution of parties and to amend caption on October 22, 1992, in order to substitute himself for Summers. Defendant Utility Constructors changed its name to Summers Enterprises Inc. and subsequently was dissolved in January of 1990.

On October 19, 1992, plaintiff filed a statement of her medical bills and copies of her medical records. Plaintiff filed an answer in the petition for judgment of non pros on October 22, 1992. She claims that she has been involved in ongoing medical treatments due to the injuries she received at the restaurant. As a result, it has been impossible to settle the case because she has not been able to ascertain all of her major damages. Plaintiff also states that she recently was told that no more surgery will be performed and that she now is ready to move the case to trial. In addition, she avers defendants have not been prejudiced because they have had knowledge of the suit and could have taken steps to preserve the business records of Utility Constructors.

Argument on the defendants' petition for judgment of non pros and the preliminary objections was held on November 30, 1992. A question arose as to the propriety of Utility Constructors' name change and subsequent dissolution and as to the administration of the estate of Lynn Summers. In response, this court entered an order to allow the defendants to submit proof that the proper procedure was followed for Utility Constructors' name change and dissolution. The defendants also were given permission to submit documents relating to the accounting of Lynn Summers' estate. Documents relating to both subjects were submitted by the defendants and the plaintiff has not objected to them.

As stated in the defendants' preliminary objections, plaintiff and Anthony Ferraro have been involved in a

bankruptcy proceeding. The couple filed for Chapter 7 bankruptcy on October 3, 1984. The debtors were discharged on April 4, 1985, and the estate was closed on September 27, 1985. Anthony Ferraro filed a petition to re-open the case in order to add plaintiff's tort claim pending before us to his debt schedule so he could obtain a discharge of her claim. On March 3, 1987, the Honorable Warren W. Bentz, U.S. bankruptcy judge for the Western District of Pennsylvania, entered an order that re-opened the case so the trustee, Richard Roeder, can administer plaintiff's tort claim because it is an asset of the estate. Mr. Roeder was given permission to allow Mr. Thomas to continue to represent plaintiff. Also, the lawsuit pending in our court "may proceed as it is now captioned." To this court's knowledge, the Ferraro's bankruptcy case still is pending.

## DISCUSSION

The decision to dismiss for lack of docket activity is committed to our discretion. We are to be guided by three factors: (1) whether a party has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) whether there is a compelling reason for the delay; and (3) whether the delay has caused prejudice to the adverse party. *Gallagher v. Jewish Hospital Assn.*, 425 Pa. 112, 228 A.2d 732 (1967).

Actual prejudice does not have to be shown if the delay was for at least two years. "[I]n cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket." *Penn Piping Inc. v. Insurance Co. of North America*, 529 Pa. 350, 603 A.2d 1006 (1992).

We do not mechanically apply the three factors to decide if dismissal is appropriate. A judgment of non pros is

properly entered following a consideration and a balancing of the equities present in a particular case. *Abraham Zoning Corp. v. After Six Inc.,* 414 Pa. Super 611, 607 A.2d 1105 (1992).

About six years passed between the defendants' response to plaintiff's new matter and plaintiff's praecipe to place the defendants' preliminary objections on the argument list. Approximately five years and four months of no docket activity went by after Judge Bentz ordered Mr. Roeder to administer the plaintiff's cause of action. Apparently, no discovery has taken place during this period of time. Obviously, the plaintiff has exhibited a lack of diligence by failing to proceed with reasonable promptitude. See *Streidl v. Community General Hospital,* 529 Pa. 360, 603 A.2d 1011 (1992).

The plaintiff claims that a compelling reason for her dilatory conduct exists because "[I]t is unreasonable to expect any plaintiff to pursue and settle her claim before she has ascertained the full extent of her injuries and damages." (Plaintiff's brief at 3) Plaintiff reasonably cannot expect to wait until all of her damages are ascertained before pursuing her cause of action. Her damages at trial could include future pain and suffering and future medical expenses. The Superior Court stated in *Stinger v. Kaytes,* 318 Pa. Super. 393, 397, 465 A.2d 11, 13 (1983), "that ... difficulty in obtaining a diagnosis and/or prognosis of injuries for which one has filed suit, even if true, will neither explain nor excuse total inactivity which results in dismissal of the action." We find that the plaintiff's ongoing medical treatments do not constitute a compelling reason for her failure to proceed with due diligence. See *Pennridge Electric v. Souderton School,* 419 Pa. Super. 201, 615 A.2d 95 (1992), where the Superior Court stated that "[I]t is plaintiff's burden to move a

case to trial, and it is plaintiff, not defendant, who bears the risk of not acting within a reasonable time."

Bankruptcy proceedings can be a compelling reason that excuses failure to prosecute a claim. The Supreme Court noted in *Penn Piping* that:

"Examples of situations in which there will be a per se determination that there is a compelling reason for the delay, thus defeating dismissal, are cases where the delaying party establishes that the *delay was caused* by bankruptcy, liquidation, or other operation of law or in cases awaiting significant developments in the law. There may, of course, be other compelling reasons which will be determined on a case by case basis." *Penn Piping,* 603 A.2d at 1009 n.2. (emphasis added)

Our examination of the documents filed in the plaintiff's bankruptcy case which have been presented to this court does not indicate that the bankruptcy proceeding has caused the plaintiff to delay pursuing her claim. Judge Bentz ordered Mr. Roeder in March of 1987 to administer this suit and to choose counsel to represent the plaintiff. Apparently, Mr. Roeder chose to keep Mr. Thomas as the plaintiff's attorney. Therefore, it seems unlikely that the trustee's administration of the plaintiff's cause of action has caused the delay. We believe that the bankruptcy proceedings did not cause this delay and accordingly the bankruptcy proceedings do not qualify as a compelling reason for the plaintiff's dilatory conduct. The court, however, will give the trustee an opportunity to present evidence to this court that would indicate that the bankruptcy proceedings prevent the plaintiff from pursuing her claim.

The third factor for us to evaluate is whether the defendants have been prejudiced. A delay of two years or more is presumed prejudicial. *Penn Piping,* 603 A.2d at 1008. Because a delay of over five years is much

longer than that prejudice is presumed and the third and final factor of the non pros test has been met.

We note that the defendants have not presented evidence for us to determine whether actual prejudice has occurred. Actual prejudice supporting a judgment of non pros can result from many events including the absence of material witnesses, disappearance of records, and substantial diminution of ability to present factual information. *Roseman v. Hospital of University of Pennsylvania,* 377 Pa. Super. 409, 547 A.2d 751 (1988), *alloc. den.,* 524 Pa. 610, 569 A.2d 1369 (1989). Also, the dissolution of a corporate defendant can prejudice the other defendants because they have lost a source of indemnity. Although Lynn Summers has died and Utility Constructors has been dissolved, these facts in and of themselves do not indicate that the defendants have been prejudiced.

The decision to grant a judgment of non pros also requires us to examine the equities of the case. We can find no equitable considerations that lead us to deny the defendants' petition. The plaintiff has delayed prosecuting her case for over five years without any compelling explanation. She cannot expect the defendants to sit back and wait until she can ascertain all of her damages. Therefore, we choose to grant the defendants' petition subject to the following conditions.

## ORDER

And now, January 21, 1993, the defendants' petition is conditionally granted subject to the following terms:

(1) The plaintiff shall notify Richard Roeder, the bankruptcy trustee, of this court's order within seven days of the date of its entry.

(2) Mr. Roeder shall have 20 days from the date of his receipt of this order to file a motion to this court

**178**

to request permission to present evidence limited to the impact of the bankruptcy proceeding on this case.

(3) If Mr. Roeder files a proper motion, this court will hear his argument and receive his evidence.

(4) If Mr. Roeder does not file a motion judgment of non pros may be entered by the prothonotary on praecipe of the defendants, Utility Constructors Inc., Lynn Summers, Leslie A. Ferraro, Riverside Golf Course, and On the Green Restaurant.