494 A.2d 1115

**Richard HAEFNER, Appellant,**

v.

**Richard A. SPRAGUE, Edward H. Rubenstone, Sprague and Rubenstone, A Partnership, Jack L. Gruenstein, Michael Minkin, Julie T. Barsel.**

Superior Court of Pennsylvania.

Argued April 4, 1985.

Filed June 14, 1985.

Richard Haefner, in propria persona.

Gene E.K. Pratter, Philadelphia, for appellees.

Before CAVANAUGH, OLSZEWSKI and HOFFMAN, JJ.

CAVANAUGH, Judge:

At issue in this *pro se* appeal by Richard Haefner is whether the trial court properly granted preliminary objections thereby striking appellant's complaint on the basis that the previous entry of a judgment of non pros for failure to file a complaint on the same cause of action barred the filing of a new complaint.

## PREVIOUS HISTORY

Appellant, Richard Haefner, acting *pro se*, commenced a legal malpractice action by summons against appellee, attorneys, in August of 1983. He was thereafter served with a rule to file a complaint within twenty days. Haefner failed to file a complaint within that period of time, but did file an "Answer" to the rule, stating his desire to conduct discovery in aid of his preparation of a complaint, and seeking time to find an attorney to represent him. Appellees filed a praecipe to enter a judgment of non pros. Thereafter, appellant filed his complaint but, upon preliminary objections, the complaint was stricken. Haefner's petition to open the judgment of non pros was subsequently denied on May 24, 1984. On appeal to this court, a panel majority affirmed the order of the trial court. *Haefner v. Sprague*, No. 1873 Philadelphia, 1984 (Pa.Super.Ct. filed April 4, 1985). Meanwhile, Haefner had instituted the

present action by summons in April of 1984, followed by a Complaint filed June 5, 1984 an "Amended Complaint" on July 6, 1984, and a "Reinstated Amended Complaint" on July 25, 1984. The present appeal is from the court's order on preliminary objections dated September 17, 1984 which struck the complaints.

## DISCUSSION

■■ The decision of the trial court and appellees' brief on appeal rely upon a single decision of this court for authority that the new complaint could not be filed. *Bon Homme Richard, Etc. v. Three Rivers Bank*, 298 Pa.Super. 454, 444 A.2d 1272 (1982). In that case, a panel majority affirmed an order which dismissed a complaint under Allegheny County Local Rule 229(e). The court held that under authority of *International Telephone and Telegraph Corp. v. Philadelphia Electric Co.*, 250 Pa.Super. 378, 378 A.2d 986 (1977) the claimant failed to either seek permission to bring a second action or to properly reactivate the complaint which had been dismissed under the local rule. Indeed, in *International Telephone, supra,* the court adopted an "open judgment" standard for reactivation of complaints which were dismissed for unreasonable inactivity. Thus, in such situations it must be shown that: (1) the petition [for reactivation] is timely filed; (2) the reason for default [inactivity] is reasonably explained; and, (3) facts constituting a meritorious cause of action be alleged. The *Bon Homme* court found that the appellant there had failed to seek permission to file a second complaint or reactivate the previous complaint and, hence, dismissed the complaint. Indeed, therefore, if *Bon Homme, supra,* applies to the present action, the dismissal by the court below was proper since Haefner did not successfully seek to reactivate under the *International Telephone and Telegraph* standard nor did he seek permission to file a second complaint. We find the *International Telephone and Telegraph* and *Bon*

*Homme* line of cases,[1] however, to be inapposite. These cases are matters which were dismissed pursuant to local rules of court adopted pursuant to Pennsylvania Rule of Judicial Administration 1901. That rule, with its stated policy of promoting the prompt conclusion of matters pending in the judicial system, mandated the termination of matters which have "been inactive for an unreasonable period of time...." 1901(a). Each court of common pleas is thus directed to make local rules for the implementation of the policy. As a "minimum standard" Rule 1901 provides that each party be given at least thirty days notice of opportunity for hearing on the proposed termination and if notice is given by publication matters may be reinstated for good cause shown. Accordingly, local rules enacted pursuant to Rule 1901 are intended to reach cases inactive for an unreasonable length of time, and may only be dismissed after reasonable notice. It would follow that reinstatement may be permitted only after meeting an open judgment standard of promptness and merit, otherwise the policy of terminating stale claims as enunciated by Rule 1901 and implemented by local rules would be but an empty fulmination against stale matters pending in the judicial system. Haefner's first suit was not dismissed under any local rule applicable to inactive cases, however. Granted, it was dismissed for failure to timely file a complaint, but the delay by Haefner is measured in terms of months, not the kind of prolonged inactivity contemplated by Rule 1900;[2] and, true enough, decided cases recognize this distinction.

In very similar circumstances, *Gordon-Stuart, Ltd. v. Allen Shops, Inc.*, 239 Pa.Super. 35, 361 A.2d 770 (1976) a

1. *See, e.g., Thompson v. Cortese,* 41 Pa. Commonwealth Ct. 174, 398 A.2d 1079 (1979), *Commonwealth Department of Public Welfare v. Flowers,* 46 Pa. Commonwealth Ct. 326, 407 A.2d 896 (1979); *Chaplynsky v. Broad St. Hospital,* 305 Pa.Super. 497, 451 A.2d 757 (1982); *Faulks v. Papo Bar, Inc.,* 280 Pa.Super. 454, 421 A.2d 810 (1980).

2. *See, e.q.,* Philadelphia Court of Common Pleas Rule 130 which requires that a case be inactive for two years before being subjected to dismissal. Since most Rule 1901 dismissals for inactivity are *ipso facto* for cases where the statute of limitations has expired for purposes of a new action, the plaintiff is relegated to seeking reinstatement.

judgment of non pros was entered when plaintiff failed to comply with an order to file a more specific Complaint. More than two months thereafter plaintiff commenced a new action identical to the non prossed suit. This court reversed the trial court order stricking the second complaint. The court noted that plaintiff had tendered the costs incurred in the first action to the defendant and that the statute of limitations had not expired. Following the reasoning of *Bucci v. Detroit Fire & Marine Ins. Co.*, 109 Pa.Super. 167, 167 A. 425 (1933), our court reversed the trial court and held:

> In either instance, that is, where the plaintiff is non-prossed for neglecting to file a seasonable complaint, or failing to file an amended pleading, the judgment for the defendant is not on the merits and does not preclude the plaintiff from commencing another suit on the same cause of action, provided that the statute of limitations has not expired and the plaintiff has made payment for the costs of the former suit

*Gordon-Stuart Ltd. v. Allen Shops, Inc.*, 239 Pa.Super. 35, 361 A.2d 770, 772 (1976).

■ The legal effect of the entry of a judgment of non pros is not such as to preclude a plaintiff who suffers such a judgment from instituting another suit on the same cause of action provided, however, that the second suit is brought within the period of the statute of limitations. *Doner v. Jowitt and Rodgers Co.*, 299 Pa.Super. 492, 445 A.2d 1237 (1982). *Accord: Commonwealth v. Bailey*, 278 Pa.Super. 51, 419 A.2d 1351 (1980); *Kulp v. Lehigh Valley Transit Co.*, 81 Pa.Super. 296 (1923); *Murphy v. Taylor*, 63 Pa.Super. 85 (1916); *Derrickson v. The Colonial Trust Co.*, 17 Pa.D. 80 (1907); 7 Standard Pa. Practice 2nd § 39:97.

■ We find the latter line of cases to control the present situation and further note that there is no contention that Haefner has not offered to pay the costs of the non prossed

348

complaint[3] or that the statute of limitations has expired. Accordingly, the complaint[4] is reinstated and the matter is remanded for further proceedings.

Reversed and remanded. Jurisdiction relinquished.

3. We note that Mr. Haefner was granted *in forma pauperis* status by order of Judge White on April 26, 1984.

4. In an apparent effort to cover all contingencies appellant has, in fact, filed a new Complaint, an "Amended Complaint" and a "Reinstated Amended Complaint." Of course, the trial court may properly cause appellant to justify the multiplicity of actions or face appropriate dismissal.