## A Pocono Country Place Inc. v. Steinhauser

*Frank A. Trainor,* for plaintiffs.
*David A. Martino,* for defendants.

O'BRIEN, *J.,* March 4, 1987—On July 29, 1985, plaintiffs commenced an action in assumpsit before a district justice to collect sums allegedly due and owing for utility services. The district justice entered a judgment for plaintiffs and defendants filed an appeal in this court docketed at no. 2331 Civil of 1985. Plaintiffs failed to file a complaint in this court following a praecipe to do so, whereupon defendants filed a praecipe for non pros pursuant to Pa.R.C.P.D.J. 1006. On January 2, 1986, plaintiffs commenced a new action in this court for collection of the same sums referenced in the prior action. After completion of the pleadings, defendants have filed a motion for summary judgment which is now before the court for disposition.

In their brief and at argument, defendants argue that the entry of non pros in the appeal of the magistrate's judgment is res judicata, and therefore, plaintiffs are precluded from commencing a separate action for the same cause. Defendants rely upon the decision of the Superior Court in *A.C. Elfman & Sons Inc. v. Clime,* 355 Pa. Super. 394,

513 A.2d 488 (1986) where the court held that the doctrine of res judicata establishes that a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the parties on the same cause of action. In that case, a judgment had been entered by a district justice by agreement of the parties and constituted an adjudication of the merits. Subsequently one party became disenchanted with the agreed upon judgment and filed an appeal. The appeal was stricken for failure to file a complaint in accordance with Pa.R.C.P.D.J. 1006.

The case at bar is clearly distinguishable because plaintiffs prevailed in the proceeding before the magistrate. Thus no adjudication on the merits has been rendered in favor of defendants which would give rise to the doctrine of res judicata. In *Haefner v. Sprague*, 343 Pa. Super. 342, 494 A.2d 1115 (1985), the Superior Court enunciated the following rule which is applicable to the case at bar:

"The legal effect of the entry of a judgment of non pros is not such as to preclude a plaintiff who suffers such a judgment from instituting another suit on the same cause of action provided, however, that the second suit is brought within the period of the statute of limitations."

It is not disputed that the present action was commenced by plaintiffs within the statute of limitations. Therefore, the motion for summary judgment must be denied.

## ORDER

And now, this March 4, 1987, defendant's motion for summary judgment is denied.