522 A.2d 88

**Edmond J. TESSIER and Regina Tessier, Appellants,**

v.

**Peter and Jean PIETRANGELO and Central Exterminating Company.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1986.

Filed March 6, 1987.

Gary R. Block, West Chester, for appellants.

JoAnne W. Rathgeber, Trevose, for appellees.

Before WICKERSHAM, McEWEN and BECK, JJ.

WICKERSHAM, Judge:

This is an appeal from an order entered on May 15, 1986, by the Honorable Isaac S. Garb, President Judge of the Court of Common Pleas of Bucks County, denying appellants' application to reactivate this case which was terminated by local rule. We reverse.

On May 5, 1981, appellants, Edmond J. and Regina Tessier, filed a complaint alleging that appellees concealed termite damage in the home sold to them. Appellees, Peter and Jean Pietrangelo, countered with preliminary objections to the complaint on June 5, 1981. Appellants then filed an answer to the preliminary objections as well as a supporting memorandum.

No further action occurred until September 30, 1983, when a termination notice issued pursuant to Bucks County R.C.P. 900[1] was mailed to appellants. Thereafter, on November 7, 1984, the action was terminated by the court due to inactivity. The appellants filed an application to reactivate the matter on August 23, 1985. The lower court denied same citing appellants' failure to explain the period of inactivity before the notice of termination was mailed and the failure to act promptly after the notice was mailed in support of its order. Appellants filed a timely appeal from this order.

On appeal appellants raise the following issues:

A. The trial court erred in refusing to grant buyers [sic] application to reactivate their cause when the buyers promptly filed their application after discovery of the termination and when the sellers failed to present evidence of prejudice.

B. The Honorable Trial Judge erred in failing to grant the buyers the right to oral argument prior to the entry of an order.

Brief for Appellant at 3.

Appellants' second issue calls upon us to determine whether Bucks County C.P.R. 266[2] conflicts with Pa.R.C.P.

1. Bucks County C.P.R. 900 was enacted pursuant to Pa.R.J.A. 1901 and is substantially similar to the suggested local rule. J. 88046/1986.

2. Bucks County C.P.R. 266 provides in pertinent part as follows:
   *Rule 266. Disposition of Motions, Rules, Preliminary Objections and Other Miscellaneous Applications.*
   (a) All motions, rules, preliminary objections, motions for summary judgment, and other miscellaneous applications which do not require action by a court en banc shall be submitted to and decided by the judge to whom the case has been assigned or, if none, the

No. 211 [3] so as to render the local rule ineffective and unenforceable:

It is without dispute that a local court has the right to promulgate local rules of procedure. *Ricci v. Ricci*, 318 Pa.Super. 445, 447, 465 A.2d 38, 39 (1983); 42 Pa.C.S. § 323. It is equally well settled that '[t]he application,

motion judge, *and shall not initially be placed upon the argument list.*

(b) Subject to the provisions and requirements of Pa.R.C.P. 209, and Bucks County Civil Procedural Rule 209*(c), when the matter is ready for decision the moving party shall, by praecipe filed with the Clerk of the appropriate division of the Court, order the same to be submitted for disposition by the judge to whom the case has been assigned....

\* \* \* \* \* \*

(d) At the expiration of ten full days following the filing by the moving party of the praecipe mentioned in sub-section (b) of this rule, the Clerk shall forthwith deliver the whole record together with the file, the briefs of memoranda of law, to the judge to whom the case has been assigned or the motion judge, as the case may be.

(e) In the event that the moving party does not comply with the provisions of subsection (b) of this rule, any other party may by praecipe filed, request the Court to dismiss the application of the moving party, provided, however, that ten days written notice of the intent to file such application shall be given to the moving party during which period of time the moving party shall have the opportunity to come into compliance with the requirements of sub-section (b).

(f) The matter shall be disposed of by written order, forthwith or after such further proceedings *including oral argument as may be required by the judge. If the judge in his discretion deems it desirable* to refer the matter for decision by a court en banc, *he shall direct that the case be placed upon the argument list,* and it shall thereafter proceed as under Bucks County Civil Rules 210 *(a) or *(c), the judge fixing the time and order of filing of briefs.
Note: Rule 266 as amended June 2, 1972, effective July 1, 1972; Rule 266(a) further amended November 26, 1975; further amended July 19, 1976, effective immediately and applicable to actions then pending.—Ed. (Emphasis added).

3. Pa.R.C.P. No. 211 provides:

**Rule 211. Oral Arguments**

Any party or his attorney *shall have the right to argue any motion* and the court shall have the right to require oral argument. With the approval of the court oral argument may be dispensed with by agreement of the attorneys and the matter submitted to the court either on the papers filed of record, or on such briefs as may be filed by the parties....
Adopted Sept. 8, 1938, effective March 20, 1939. Amended and effective April 18, 1975. (Emphasis added)..

construction and interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule[,] and we will interfere only where the court commits an abuse of discretion.' *Gutman v. Rissinger*, 334 Pa.Super. 259, 264–265, 482 A.2d 1324, 1327 (1984), quoting *Equipment Finance, Inc. v. Toth*, 328 Pa.Super. 351, 355, 476 A.2d 1366, 1369 (1984). Local rules, however, must be consistent with and not in conflict with the Pennsylvania Rules of Civil Procedure. To the extent that they are not consistent with state procedural rules, local rules are invalid and cannot be followed.

*Davison v. John W. Harper, Inc.*, 342 Pa.Super. 560, 563, 493 A.2d 732, 734 (1985).

■ Instantly, the Bucks County local rule dispenses with oral argument on all motions, rules, preliminary objections, motions for summary judgment, etc., except "oral argument as may be required by the Judge." This is in direct conflict with the clear and unambiguous language of Pa.R.C.P. No. 211 which provides for a *right* to argue any motion by a party or his attorney. The local rule is thus invalid and cannot be followed.

■ In choosing to ignore appellants' praecipe for oral argument entered on May 9, 1986, and, instead, proceeding in the summary fashion prescribed by local rule in denying oral argument, the lower court has violated the express mandate of Pa.R.C.P. No. 211.[4] Order vacated, and the case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

4. In light of our disposition of appellants' second issue we do not expressly address their first. However, upon remand, appellants will be required to satisfy standards for reactivation of their complaint which was dismissed for inactivity required under Pa.R.J.A. 1901 and its local rule progeny. Thus, appellants must satisfy the lower court that: (1) the application to reactivate the matter was timely filed; (2) the reasons for inactivity are reasonably explained; and (3) facts constituting a meritorious cause of action have been alleged. *Haefner v. Sprague*, 343 Pa.Super. 342, 494 A.2d 1115 (1985).'