541 A.2d 361

**Marsha A. MARTIN, Appellee,**

**v.**

**GRANDVIEW HOSPITAL and Robert J. Lavin, M.D., Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 9, 1987.

Filed May 2, 1988.

Joseph P. Selfridge, Philadelphia, for appellants.

Stewart J. Eisenberg, Philadelphia, for appellee.

Before WIEAND, KELLY and HESTER, JJ.

KELLY, Judge:

This is an appeal from an order granting plaintiff's petition to reactivate a case which had previously been terminated for inactivity on the docket pursuant to local rule. Because we find that the trial court failed to apply the appropriate "good cause" standard for reactivation of such cases, we vacate the order reactivating the case and remand for further proceedings.

On July 9, 1980, plaintiff initiated this medical malpractice action against defendants Grandview Hospital and Robert J. Lavin, M.D., by filing a complaint with the Arbitration Panel on Health Care.[1]  On December 1, 1980 plaintiff filed an election of jurisdiction [2] and the case was transferred to the Bucks County Court of Common Pleas.  The court file was somehow misplaced, and on February 6, 1981, plaintiff's attorney assisted the prothonotary's office in reconstructing the file by supplying the office with copies of the missing documents, including the complaint, the answer and plaintiff's answers to interrogatories.

No further activity appeared on the docket until May 3, 1983, when the docket indicates that the prothonotary sent

1.  *See* 40 P.S. 1301.101 *et seq.,* the Health Care Services Malpractice Act.

2.  In *Mattos v. Thompson,* 491 Pa. 385, 421 A.2d 190 (1980), the Pennsylvania Supreme Court held the mandatory arbitration procedures provided by 40 P.S. § 1301.309 unconstitutional.  Upon request of any party, the claim must be transferred to the appropriate court of common pleas.

notices that the action would be terminated within thirty (30) days for failure to prosecute unless one of the parties certified that the case was still active. The parties did not certify the case as active, and on January 17, 1984, the case was marked terminated by the prothonotary.

On February 3, 1987, plaintiff filed a petition to reactivate the case; the plaintiff subsequently filed a supplemental petition with accompanying affidavits. Upon consideration of the petition, the defendants' answer to the petition, and the parties' memoranda, the trial court on May 20, 1987 granted the plaintiff's petition and ordered the action reinstated. Defendants filed this appeal.[3]

▪ ■ On appeal, defendants contend that the plaintiff's actions manifested an intention to abandon the case, and the trial court erred in granting the petition to reactivate the case. Our standard of review on appeal from an order granting a petition to reactivate is limited to ascertaining whether the trial court committed an abuse of discretion. Absent an error of law or a manifest abuse of discretion, such an order will be affirmed on appeal. *Metz Contracting v. Riverwood Builders, Inc.,* 360 Pa.Super. 445, 520 A.2d 891 (1987); *Moore v. George Heebner, Inc.,* 321 Pa.Super. 226, 467 A.2d 1336 (1983); *see also* Comment following Pa.R.J.A. 1901.

Pennsylvania Rule of Judicial Administration 1901, with its stated policy of promoting the prompt resolution of matters pending in the judicial system, mandates the termination of cases which have "been inactive for an unreasonable period of time...." Pa.R.J.A. 1901(a). The rule directs each court of common pleas to formulate local rules for the implementation of the policy. Bucks County Local Rule 900, which was promulgated pursuant to Pa.R.J.A. 1901, provides in pertinent part:

> (a) ... [T]he Court Administrator shall compile a list of all pending matters in which there has been no activity

---

**3.** Although an order reactivating a case terminated for inactivity is an interlocutory order, it is appealable as of right under Pa.R.A.P. 311(a)(1). *Stawiarski v. Hall,* 300 Pa.Super. 67, 445 A.2d 1302 (1982).

recorded on the docket for a period of more than two years. . . .

(b) Upon the completion of said compilation, the Court Administrator shall give written notice to all counsel of record, to any unrepresented parties and to private prosecutors, that the matter will be terminated 30 days from the date of said notice . . ., unless a certification of active status if filed before the termination date. . . .

\*     \*     \*     \*     \*     \*

(e) After the expiration of the 30 day periods, . . . the Court Administrator shall provide the Prothonotary, . . . with a list of all cases to be terminated, and it shall then be the duty of each official so notified to mark their dockets accordingly; thereafter, no action shall be recorded in any terminated matter except by leave of court upon cause shown.

\*     \*     \*     \*     \*     \*

■ This Court has adopted an "open judgment" standard for reactivation of complaints which were terminated for unreasonable inactivity; the petitioner must show good cause why the case should be reactivated. *International Telephone and Telegraph Corp. v. Philadelphia Electric Co.*, 250 Pa.Super. 378, 378 A.2d 986 (1977). In order to meet this "good cause" requirement, the petitioner must show that: (1) the petition for reactivation is timely filed; (2) the inactivity is reasonably explained or legimately excused; and (3) facts constituting a meritorious cause of action are alleged. *Tessier v. Pietrangelo*, 361 Pa.Super. 210, 522 A.2d 88 (1987); *Haefner v. Sprague*, 343 Pa.Super. 342, 494 A.2d 1115 (1985); *International Telephone and Telegraph Corp. v. Philadelphia Electric Co., supra.*

■ The defendants/appellants in the instant case contend that plaintiff failed to meet the requisite elements to prove good cause for reactivating the case. In response, the plaintiff/appellee contends that since the local rule does not expressly require good cause to be shown prior to

reactivation of cases,[4] the cases which establish a good cause standard are inapplicable. According to appellee, a trial court may grant reinstatement merely upon application, without requiring a showing of good cause. We disagree; we hold that a petition to reactivate a case terminated for inactivity of record may be granted only upon good cause shown, regardless of whether the local rule expressly requires a showing of good cause.

We find the reasoning offered by this Court in *Haefner v. Sprague, supra,* applicable:

> [L]ocal rules enacted pursuant to Rule 1901 are intended to reach cases inactive for an unreasonable length of time, and may only be dismissed after reasonable notice. It would follow that *reinstatement may be permitted only after meeting an open judgment standard of promptness and merit, otherwise the policy of terminating stale claims as enunciated by Rule 1901 and implemented by local rules would be but an empty fulmination against stale matters pending in the judicial system.*

494 A.2d at 1117. (Emphasis added).

In *International Telephone and Telegraph Corp. v. Philadelphia Electric Co., supra,* the trial court lifted an earlier *non pros* order and reinstated the complaint. On appeal, this Court reversed, reasoning:

> ... [T]he trial court ignored the three tests for reinstatement consistently insisted upon by our appellate courts. It proceeded on the assumption that reinstatement should be granted simply upon application. Such a standard would deprive the courts of the protection from stale claims that the Supreme Court of Pennsylvania intended them to have under Rule 1901 of the Rules of Judicial Administration and the local rules of court which that Rule mandated.

---

**4.** Many local rules adopted pursuant to Pa.R.J.A. 1901 expressly require a showing of good cause before the case may be reactivated. *See for example* Philadelphia County Local Rule 130. The Bucks County rule, however, is silent on the issue. *See* Bucks County Local Rule 900, quoted *supra.*

378 A.2d at 989. Although the local rule in *International Telephone and Telegraph Corp. v. Philadelphia Electric Co.* expressly required a showing of "good cause," we find that the reasoning of that case is applicable to the question presented in the case at bar. We therefore reject appellee's contention that a petition for reactivation may be granted merely upon application; we find the "good cause" requirement applicable to the instant case, despite the fact that the local rule does not expressly require good cause to be shown for reactivation of a case.

■ Appellants assert that plaintiff/appellee did not meet any of the three requirements for showing good cause and reactivating the case. Specifically, appellants contend that: (1) the petition for reactivation was not timely filed; (2) plaintiffs did not give a reasonable excuse for the inactivity; and (3) plaintiffs failed to allege the existence of a meritorious cause of action.[5]

The trial court opinion in support of the order makes no mention of the good cause standard. However, an appellate court may affirm the action of a trial court on a different rationale than that advanced by the trial court. *Gerace v. Holmes Protection of Philadelphia,* 357 Pa.Super. 467, 516 A.2d 354 (1986) *appeal denied* 515 Pa. 580, 527 A.2d 541 (1987); *Perri v. Broad Street Hospital,* 330 Pa.Super. 50, 478 A.2d 1344 (1984). Although the trial court did make several relevant findings of fact, we find that these findings are not sufficient to dispose of the question of whether good cause has been shown. We therefore are constrained to vacate the order reactivating the case and remand for

---

5. In their brief filed in the trial court, the defendants/appellants did not expressly cite the "good cause" standard. However, the brief essentially raised two of the same points as are raised on appeal: that the petition was untimely, and that the prolonged inactivity warranted dismissal of the case. Appellants have therefore preserved the issues for appeal. As to the third prong of the good cause standard, requiring the petitioner to allege a meritorious cause of action, we find that appellants have waived a challenge to this prong by failing to raise it in the court below. *See Boarts v. McCord,* 354 Pa.Super. 96, 511 A.2d 204 (1986); Pa.R.A.P. 302(a).

consideration of plaintiff's reactivation petition, utilizing the good cause standard.

█ First, as to the requirement that the petition for reactivation must be timely filed, the trial court found as a fact that the plaintiff did not receive prothonotarian notice of the imminent termination before it was entered on the docket.[6] However, this fact alone does not dispose of the timeliness question. Where the plaintiff does not receive notice of the pending termination, the question of timeliness is resolved by looking to "the date when the plaintiff received actual notice, either from the prothonotary or otherwise, of the dismissal of the action." *Stringer v. Kaytes*, 286 Pa.Super. 551, 558, 429 A.2d 660, 663 (1981). Here, the trial court did not make any findings of fact as to the date when plaintiff or her attorney learned the case had been terminated. Without such a fact-finding, we cannot determine whether the trial court acted within its discretion in granting the reactivation petition.

█ The second element of the good cause standard requires plaintiff to show a reasonable excuse for the inactivity. The trial court did make several relevant fact-findings before concluding that "there was no intention on the part of plaintiff to abandon the matter." (Trial Ct.Op. at 5). However, the opinion is again devoid of sufficient facts to enable us to determine whether the trial court properly granted the petition.

As stated, *supra,* the action was marked terminated on January 17, 1984, following a period of inactivity on the docket from February 1981 to January 17, 1984. The trial court found as a fact that certain activity took place on the case which is not reflected on the record; the court found

6. The trial court concluded that this lack of notice was probably a result of a prothonotary error. Indeed, several other prothonotary errors are evident from the record: (1) the notice of pending termination was sent directly to defendants rather than their attorney of record; (2) these notices show that the attorney for plaintiff was "unknown," despite the fact that plaintiff's attorney had filed an entry of appearance and had previously assisted the prothonotary in reconstructing the court file.

that throughout the spring and summer of 1981, considerable discovery activity took place. This finding alone does not dispose of the second "good cause" prong; the court made no finding regarding the inactivity of record totaling two and one-half years from the summer of 1981 to the termination in January 1984.[7] Accordingly, we again find that there are insufficient facts for us to determine whether plaintiff has met the good cause standard.

The trial court erred in failing to consider the three-part "good cause" test before granting the plaintiff's petition to reactivate the case. We therefore vacate the order reactivating the case and remand to the trial court for consideration of plaintiff's petition in a manner consistent with this opinion.

Order vacated; case remanded.

---

7. Appellee asserts in her brief filed on appeal that "[i]t would truly be error and an abuse of discretion for a lower court to terminate cases where activity has taken place within two years of the *termination notice* ...". Appellee's focus on the date of the termination notice is misplaced; our cases have required plaintiff to show a reasonable excuse for the inactivity leading to the *date of termination.* See *Stawiarski v. Hall, supra; Corcoran v. Fiorentino,* 277 Pa.Super. 256, 419 A.2d 759 (1980).