### Mears v. Humphrey's Pest Control Co. Inc.

*Neil M. Krum,* for plaintiff.

*Andrew S. Ross* and *Beatrice O'Donnell,* for defendants Century 21-Daniel W. Day and Connie Boyle Real Estate.

*Gerald E. Bloom III,* for defendants Julius J. Butchick and Mary Lee Butchick.

SCOTT, *J.,* November 19, 1992—Barbara Mears and John Epps (hereinafter plaintiffs) have appealed this court's order of September 9, 1992, which denied their petition to reactivate the above-captioned matter. We issue this opinion in support of our order pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

This case was commenced on February 28, 1985, when plaintiffs filed a praecipe for writ of summons. On November 4, 1985, plaintiffs filed their complaint against

Humphrey's Pest Control Co. Inc., Century 21-Daniel W. Day, Connie Boyle Real Estate Inc., and Julius and Mary Lee Butchick, alleging damages arising out of the purchase of a house that had been infested by termites. Answers and new matter were filed and responded to, and by the end of January 1986, the pleadings were closed. Discovery then began and several sets of interrogatories were filed with this court, the last of which was filed on October 1, 1986. No further docket activity occurred in this case over the next two years. Hence, on October 28, 1988, pursuant to Bucks County Administrative Order 19,[1] this court's prothonotary mailed to the parties of record written notice of intent to administratively terminate the matter for lack of docket activity. The parties failed to act on such notice within the 30-day period, and, therefore, on November 30, 1988, the case was marked terminated. Aside from subsequent markings of the termination of the case, no further docket activity occurred for two more years. Meanwhile, during this four-year period of docket inactivity, there were several correspondences between counsel. Included in these correspondences was a letter from counsel for defendants, Century 21-Daniel W. Day and Connie Boyle Real Estate, (hereinafter the real estate defendants) dated April 2, 1990, wherein plaintiffs' counsel was advised that the case had been terminated by the court in November 1988. Counsel for the real estate defendants sent plaintiffs' counsel a second letter of similar advisement on September 13, 1990. On November 21, 1990, plaintiffs filed a petition to reactivate the case, and on April 15, 1992, the matter was moved for disposition. Oral argument on plaintiffs' petition was held and on September 9, 1992, this court

---

1. Administrative Order 29 was promulgated in order to implement the policy of Pa.R.J.A. 1901 to terminate inactive matters.

issued an order denying the said petition. Plaintiffs have appealed that order.

On October 13, 1992, this court ordered plaintiffs to file a concise statement of matters complained of on appeal and serve that statement on this court within 14 days from the date of that order. Plaintiffs filed their statement on October 26, 1992, however, they did not serve that statement on this court until November 4, 1992, eight days after it was due and when this opinion was substantially complete. Upon review of plaintiffs' statement, it appears that the matters contained therein lack specificity and/or are conclusory in nature. Due to the lateness of plaintiffs' statement and the lack of specific content therein, this court drafted this opinion without regard to the matters raised by plaintiff.

A petition to reactivate a case terminated for lack of docket activity may be granted only upon a showing of good cause.[2] *Martin v. Grandview Hospital,* 373 Pa. Super 369, 541 A.2d 361 (1988). "Good cause" is established if plaintiff shows: (1) the petition for reactivation was filed timely; (2) the reason for docket inactivity is reasonably explained; and (3) facts constituting the existence of a meritorious cause of action have been alleged. *Martin, supra.* While plaintiffs' petition to reactivate does allege that plaintiff has a meritorious cause

---

2. Counsel for the real estate defendants filed a supplemental memorandum of law in opposition to plaintiffs' petition to reactivate, which cites *Penn Piping Inc. v. Insurance Co. of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). This court is aware of the *Penn Piping* decision, but finds it inapplicable to the present case. *Penn Piping* was expressly based on the court's inherent power to terminate inactive cases and not on the authority of local rule implementing Pa.R.J.A. 1901. Furthermore, this case is not concerned with the termination of a case, but with plaintiffs' petition to reactivate a case that has already been terminated.

of action, neither of the other two requirements for good cause have been satisfied.

With regard to the first requirement, timely filing of the petition, plaintiffs' petition alleged that the law firm employed as counsel for plaintiffs never received any notification of termination until November 12, 1990, nine days before the petition to reactivate was filed. Plaintiffs explain that the individual attorney originally handling plaintiffs' case for the law firm left the firm soon after the filing of the complaint. It is then asserted that due to inadvertence, the initial attorney remained attorney of record, and when the prothonotary mailed the notice of termination to plaintiffs' law firm, the firm forwarded the said notice to the initial attorney. Plaintiffs then claim that they received no other notification of termination until November 9, 1990, when the attorney in the plaintiffs' law firm who is presently handling this matter received a computer printout of the docket entries which reflected the November 1988 termination. Initially, we note that the prothonotary's mailing of the notice of termination to plaintiffs' law firm in October 1988, was at least constructive notice of termination. Yet even if plaintiffs' law firm never opened the prothonotary's notice, it is uncontested that plaintiffs received actual notice of termination in April 1990, by way of correspondence from counsel to plaintiffs' current attorney. Plaintiffs argument ignores this notice and offers no explanation for the seven-month delay between the April notice of termination and the November filing of the petition to reactivate. We, therefore, were not persuaded that plaintiffs filed their petition to reactivate in a timely manner.

Regarding the second requirement, that plaintiffs put forth a reasonable explanation for the four-year docket delay, plaintiffs assert that they were engaged in discovery that is not normally reflected in the docket entries. In support of that allegation, plaintiffs attached a single letter from opposing counsel dated July 7, 1989, which indicated

that there had been some discussion between counsel relating to the production of certain witnesses for deposition. That letter may support the allegation that the parties were attempting to engage in discovery in July 1989, but it does not account for the remainder of the four-year period. Aside from that letter, plaintiffs failed to produce any evidence whatsoever that discovery in any form actually had been taken during the four-year period. This court found it difficult to believe that the parties could be actively engaged in discovery for four years and not produce evidence of such activity. We, therefore, did not accept plaintiffs allegation of ongoing discovery as a reasonable explanation for the four year docket delay.

As discussed above, plaintiffs have failed to show that they filed their petition to reactivate the above-captioned matter in a timely manner and that there was a reasonable explanation for the four-year docket delay. Thus, plaintiffs have failed to establish the "good cause" necessary for the granting of plaintiffs' petition to reactivate. We, therefore, denied plaintiffs' petition to reactivate by our order of September 9, 1992.