## Tidman v. Lutz

C.P. of Bucks County, no. 94-3046-17-1.

*Dean P. Arthur,* for plaintiff.
*Donald B. McCoy,* for defendant.

CLARK, *J.,* May 3, 1995—This opinion is written pursuant to Appellate Rule 1925.

Plaintiff's property was damaged when defendant Scull drove defendant Lutz' vehicle through the Fudd-rucker's restaurant parking lot, over a concrete curb, down a grassy embankment, across four lanes of a public highway, through a WaWa store parking lot, through plaintiff's shrubs and bushes and finally into the wall of plaintiff's garage, causing damage to the garage and to the contents thereof. Plaintiff filed suit against defendants before a district justice for damage

to his personal property in the amount of $3,678 on January 24, 1994.

Plaintiff obtained judgment against defendant Scull in the amount of $500 on March 22, 1994. His case against defendant Lutz was dismissed without prejudice on April 1, 1994. Thereafter, a timely appeal was filed in the court of common pleas on April 21, 1994.

Rule 1004-A of the Rules of Civil Procedure before district justices provides: "If the appellant was the claimant in the action before the district justice, he shall file a complaint within 20 days after filing his notice of appeal." This was not done. The "note" under that rule provides, inter alia, "The procedure upon failure to file a complaint pursuant to a rule to do so entered under subdivision B will be governed by Pa.R.C.P. 1037(a)." No rule was ever filed by defendants. Instead, defendants filed a praecipe to strike the notice of appeal on May 18, 1994 for failure to comply with Rule 1004-A. The docket entries then state: "Eo die, appeal stricken."

On July 22, 1994, plaintiff filed a motion to strike and dismiss the praecipe striking plaintiff's appeal for late filing of complaint. Plaintiff obtained a rule upon this motion which was returnable August 22, 1994. Plaintiff pled that the delay in filing the complaint timely was due to severe head injuries he sustained while a victim of a crime. On August 10, 1994, defendants filed an answer admitting that plaintiff's property was damaged as a direct result of defendant Scull driving defendant Lutz' vehicle into and through plaintiff's garage, and admitted that plaintiff was without negligence in this incident.

Pa.R.C.P. 1037(a) provides: "If an action is not commenced by a complaint, the prothonotary, upon *praecipe* of the defendant, shall enter a *rule* upon plaintiff to file a complaint. If a complaint is not filed within 20

days after service of the *rule,* the prothonotary, upon *praecipe* of defendant, shall enter a judgment of non pros." (emphasis ours)

It seems to the court that the procedure required to stop a tardy plaintiff is set forth in Rule 1037. There is no recognized procedure to allow an appeal to be stricken on praecipe for failure to comply with District Justice Rule of Procedure 1004-A. This court's order of April 3, 1995 in striking defendants' praecipe striking plaintiff's appeal was, therefore, proper.

Defendant Scull has practically admitted her negligence in the pleadings. Plaintiff's delay was not unreasonable and was for apparently justifiable reasons. The statute of limitations has not yet run, and plaintiff could still bring another action. Cf. *Haefner v. Sprague,* 343 Pa. Super. 342, 494 A.2d 1115 (1985). To have to do so would not serve judicial economy.

This court properly exercised its discretion in entering the order of April 3, 1995 with no prejudice to defendants.