J-A06038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KEVIN C. TIERNEY AND IRENE M. TIERNEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| VERIZON PENNSYLVANIA, INC., DANELLA LINE COMPANY, MELCAR, LTD., INC., TRAVELERS HOME AND MARINE INSURANCE COMPANY | |
| APPEAL OF:  THE TRAVELERS HOME AND MARINE INSURANCE COMPANY | No. 1675 EDA 2013 |

Appeal from the Order Dated April 10, 2013
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 12-4399

BEFORE:  BENDER, P.J.E., PANELLA, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.                    **FILED JULY 29, 2014**

The Travelers Home and Marine Insurance Company (Travelers) appeals from an order entered on April 10, 2013, in the Court of Common Pleas of Delaware County, directing Travelers to respond to written discovery requests.  After careful review, we remand for the trial court to hold a hearing regarding the disputed requests.

On November 24, 2011, raw sewage was forced into the home of Kevin C. and Irene M. Tierney, causing property damage.  *See* Complaint, 5/24/12, at ¶ 6.  The Tierneys instituted suit on May 24, 2012, against Verizon Pennsylvania, Inc., Danella Line Co., and Melcar, Ltd. for negligently causing the damage while excavating, installing, repairing, or constructing

utility, communication, or data lines near their home. The Tierneys held a homeowners' insurance policy with Travelers at the time the damage occurred. In the complaint, the Tierneys included Travelers as a defendant, asserting breach of contract, bad faith, and violation of the Unfair Trade Practices and Consumer Protection Law,[1] based upon Travelers' alleged failure to pay the fair and reasonable costs associated with the damage to the Tierneys' home.

On August 17, 2012, the Tierneys served discovery requests on Travelers, including 87 interrogatories and 19 document requests. Travelers responded, but objected to some of the requests.[2] The Tierneys were dissatisfied with the response, and on October 12, 2012, they filed a motion to compel Travelers to answer all of the written discovery. Travelers filed a response in opposition to the motion to compel on November 1, 2012, requesting oral argument on the motion. On April 10, 2013, without hearing argument or providing an explanation, the trial court issued an order granting the motion to compel and ordered Travelers to provide the

_____

[1] 73 P.S. §§ 201-1–201-9.2.

[2] Travelers objected to discovery requests in several broad categories: (1) document requests for all of Travelers' internal rules, regulations, policies, and guidelines; (2) interrogatories seeking detailed information about every case for bad faith brought against Travelers within the last 10 years, including providing names and addresses of the plaintiffs; and (3) interrogatories seeking information about every governmental investigation in the company's history throughout the United States.

discovery requested within ten days of the order. Travelers filed a motion for reconsideration on April 18, 2013, asserting that the discovery requests sought privileged and confidential information. The motion for reconsideration was denied, and the instant timely appeal followed.

We must first determine whether we have jurisdiction to review the order granting the motion to compel discovery. "[T]he appealability of an order goes directly to the jurisdiction of the Court asked to review the order." *Berkeyheiser v. A-Plus Investigations*, 936 A.2d 1117, 1123 (Pa. Super. 2007) (citations omitted). "[G]enerally, appellate courts can review only final orders." *Id.* at 1122. Discovery orders are interlocutory and, therefore, typically unappealable. *Jones v. Faust*, 852 A.2d 1201, 1203 (Pa. Super. 2004). However, interlocutory collateral orders are immediately appealable as of right under Pa.R.A.P. 313 if the following criteria are met: "(1) the matter is separable from and collateral to the main cause of action; (2) it involves a right too important to be denied review; and (3) is such that the claimed right would be irreparably lost if review is postponed until final judgment in the case." *Pugar v. Greco*, 394 A.2d 542 (Pa. 1978) (citation omitted); *see* Pa.R.A.P. 313(b).

Discovery orders involving potentially confidential and privileged material have been held to be appealable collateral orders satisfying the three prongs set forth in *Pugar* and codified in Pa.R.A.P. 313. *Berkyheiser*, 936 A.2d at 1123-24 (citing *Ben v. Schwartz*, 729 A.2d 547 (Pa. 1999)); *see also T.M. v. Elwyn, Inc.*, 950 A.2d 1050, 1056 (Pa.

Super. 2008). Such discovery orders are separable from the main cause of action because privilege and confidentiality issues can be considered without analyzing the merits of the underlying cause of action. *See Ben*, 729 A.2d at 551-52. The "importance" prong is satisfied because privacy concerns "implicate rights deeply rooted in public policy, especially where the disclosure of such information affects individuals other than those involved in this particular case." *Berkeyheiser*, 936 A.2d at 1124. Finally, rights would be irreparably lost through disclosure of privileged or confidential information, since "[s]uch disclosure could not be undone in a subsequent appeal." *T.M.*, 950 A.2d at 1058. Here, the discovery order requires the production of allegedly privileged and confidential information related to individuals who are not parties to the instant action. Thus, the order in the instant matter is appealable as collateral to the main cause of action, and we have jurisdiction.

Throughout the trial court proceedings and this appeal, Travelers has consistently requested a hearing on the motion to compel under Pa.R.C.P. 211, which states that "[a]ny party or the party's attorney shall have the right to argue any motion." Pa.R.C.P. 211. This Court has interpreted Rule 211 as clearly and unambiguously establishing a party's right to oral argument. *Tessier v. Pietrangelo*, 522 A.2d 88 (Pa. Super. 1987). An exception is where the parties have briefed the issues such that oral argument would be redundant and the lack of oral argument would not result in prejudice to either party. *See Gerace v. Holmes Protection of*

***Phila.***, 516 A.2d 354, 359 (Pa. Super. 1986). Instantly, the parties have never briefed discovery issues, and the trial court failed to discuss its rationale for granting the motion to compel. Indeed, in its Rule 1925(a) opinion, the trial court exclusively analyzed whether the order granting the motion to compel is an appealable collateral order and did not discuss the merits of the motion. Likewise, the order itself does not provide any discussion of the merits—it simply grants the motion without explanation.

The discovery ordered in this matter is quite broad and involves potentially privileged and confidential information. Accordingly, a remand is necessary so that the trial court may hold a hearing and analyze the privilege and confidentiality issues raised. ***T.M.***, ***supra***.

Order vacated. Remanded with direction to the trial court to conduct a hearing regarding the motion to compel discovery. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/29/2014</u>